> MATTER OF HABIB

In Section 212(e) Proceedings

A-12237808

*Decided by District Director December 22, 1965*

An exchange visitor from Egypt is granted a waiver of the 2-year foreign residence requirement of section 212(e), Immigration and Nationality Act, as amended, because compliance therewith would result in exceptional hardship to his U.S. citizen wife and child for whom he would be able to provide only a meager existence if they accompanied him abroad, plus the difficulties they would encounter by being forced to live in a strange country; and if they were to remain in the United States while he fulfills his commitment, he would be unable to support two households, his wife is unable to work because of the tender age of their child, and an indefinite family separation would result from the practice of his government not to permit its citizens who have been out of the country as students or exchange visitors to again leave the country.

The applicant is a thirty-three year old physician, a native and citizen of Egypt, born on January 9, 1932 at Cairo. He was admitted to the United States at Boston, Massachusetts on June 25, 1958 as an exchange visitor, destined to Memorial Hospital, Houston, Texas, under Exchange Visitor Program P-II-1063. In July 1959 he transferred to the Methodist Hospital, Houston, Texas under Exchange Visitor Program P-II-2421. In July 1960 he transferred to the Robert B. Green Hospital, San Antonio, Texas under Exchange Visitor Program P-II-1249. In July 1961 he transferred to Charity Hospital, New Orleans, Louisiana under Exchange Visitor Program P-II-284. Since July 1963 he has been serving as a resident physician at Laurel Heights Hospital, Shelton, Connecticut.

On February 24, 1962 he married Joy Alice Hoelzer at San Antonio, Texas. His wife was born in Brooklyn, New York on June 2, 1938. A daughter, Lisa Kay Habib, was born on May 20, 1963 in New Orleans, Louisiana.

The applicant's United States citizen spouse and child reside with him. His wife is unable to work because of the tender age of the

daughter. This limits their income to $175 per month and resident facilities. The cost of transportation for the family to go to Egypt would be close to $2000. He is unable to save this amount and would be obliged to borrow the money. If he were to live in Egypt and his family in the United States, he would be unable to support two households. If his family were with him in Egypt, they would be able to afford only a meager existence on the salary he might earn as a physician in a small remote village.

In addition to the financial hardship, the applicant has asserted that it is the practice of his government not to permit its young citizens, who have been out of the country as nonimmigrant students or exchange visitors, to again leave the country. In December 1962, and again on May 19, 1965, the Department of State, in a similar case, confirmed that this practice still prevailed. This would result in an indefinite separation in the family relationship. On the other hand, if the spouse and child accompanied the applicant abroad, they would not be able to adjust to the new customs, food, language, and other difficulties to be encountered by being forced to live in a strange country.

In view of the foregoing, it has been determined that compliance with the two-year foreign residence requirement of section 212(e) of the Immigration and Nationality Act, as amended, would impose exceptional hardship upon Dr. Habib's United States citizen spouse and child. The Department of State has recommended that the waiver be granted.

ORDER: It is ordered that the recommendation of the Department of State be followed and that the waiver be granted.